IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Derick Lamont Singleton, | ) | C/A No. 0:14-140-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| William R. Byars, Jr.; Major Earley; Lt. Church; Cpl. Lee; Ms. Johnson; Ann Hallman; BJ Thomas; William Brightharp; Cpl. Mr. Syphars, Bus Driver at Perry Corr. Inst.; Larry Cartledge, Warden at Perry Corr. Inst., each in his or her individual-personal capacity, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Derick Lamont Singleton ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate at Lieber Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed as to the following defendants: Ms. Johnson; Ann Hallman; and BJ Thomas.[1]

**I.     Factual and Procedural Background**

The Complaint identifies Ms. Johnson as an inmate grievance coordinator at Perry Correctional Institution, BJ Thomas as an inmate grievance coordinator at Lieber Correctional Institution, and Ann Hallman as the grievance branch supervisor and manager. (ECF No. 1 at 6.) The Complaint alleges that these three defendants denied Plaintiff "any ability to access the internal

---

[1] A separately docketed order authorizes the issuance and service of process on the remaining defendants.

Page 1 of 6



grievance system." (Id. at 11.) Plaintiff further claims that Defendant BJ Thomas intentionally destroyed a grievance form, and that Defendant Johnson refused to process Plaintiff's grievances. (Id.) Defendant Hallman purportedly approved "the un-processing of the Plaintiff's grievances," rendering his access to the grievance process "effectively unavailable, and at the least [] ineffective." (Id. at 12.) Thus, Plaintiff claims that these defendants joined in a "chain-conspiracy" to deny his constitutional rights. (Id. at 11.) As relief, the Complaint requests monetary damages and injunctive relief. (Id. at 20-21.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made



where the complaint "lacks an arguable basis either in law or in fact."  Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).



**B.     Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).  The Complaint's claims against Defendants Johnson, Hallman, and Thomas, should be summarily dismissed.

The Complaint alleges that these three defendants intentionally destroyed, or refused to process, Plaintiff's institutional grievances.  (ECF No. 1 at 11-12.)  However, a prisoner has no constitutional right to a grievance procedure.  See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); Daye v. Rubenstein, No. 10-6938, 2011 WL 917248, at *2 (4th Cir. March 17, 2011); Ashann-Ra v. Commonwealth of Virginia, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").  Therefore, the failure to process or respond to Plaintiff's grievances does not state a cognizable claim under § 1983.  As such, Plaintiff claims against Defendants Johnson, Hallman and Thompson, for an alleged denial of access to the prison grievance procedure, are subject to summary dismissal.[2]

Further, to the extent Plaintiff's allegations against these defendants can be construed as a conspiracy claim, they are also subject to summary dismissal.  Under 42 U.S.C. § 1983 and § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995); Buschi v. Kirven, 775 F.2d 1240, 1248 (4th Cir. 1985).  In addition, the United States Supreme Court has held that, to establish a federal

---

[2]  The Complaint alleges that Plaintiff's grievances were intentionally destroyed or frustrated. (ECF No. 1 at 11-12.)  Therefore, Plaintiff provides no facts against Defendants Johnson, Hallman and Thompson to support a state law negligence claim.



conspiracy claim under § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus."  <u>Griffin v. Breckenridge</u>, 403 U.S. 88, 102 (1971); <u>see also</u> <u>Trerice v. Summons</u>, 755 F.2d 1081, 1085 (4th Cir. 1985).  In the present action, Plaintiff provides no concrete facts to demonstrate that Defendants Johnson, Hallman and Thompson came to a mutual understanding, or acted "jointly in concert" to deprive Plaintiff of any constitutional right.  <u>See</u> <u>Hinkle v. City of Clarksburg</u>, 81 F.3d 416, 421 (4th Cir. 1996) ("To establish a civil conspiracy under § 1983 [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right.").  Plaintiff also fails to allege that these defendants acted with a discriminatory motive.  Thus, any conspiracy allegations asserted by Plaintiff against Defendants Johnson, Hallman and Thompson should be summarily dismissed.

### III.  Conclusion

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process as to the following defendants:  Ms. Johnson; Ann Hallman; and BJ Thomas.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 20, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).