UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
Greenville DIVISION

| | |
|---|---|
| Derick Lamont Singleton, ) | Civil Action No.0:14-140-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| William R. Byars, Jr.; Major Earley; Lt. ) | OPINION AND ORDER |
| Church; Cpl. Lee; Ms. Johnson; Ann ) | |
| Hallman; BJ Thomas; William Brightharp; ) | |
| Cpl. Mr. Syphars, Bus Driver at Perry Corr. ) | |
| Inst.; Larry Cartledge, Warden at Perry Corr. ) | |
| Inst., each in his or her individual-personal ) | |
| capacity, ) | |
| Defendants. ) | |

Plaintiff Derick Lamont Singleton ("Plaintiff"), a state prisoner proceeding *pro se*, filed this action against William R. Byars, Jr.; Major Earley; Lt. Church; Cpl. Lee; Ms. Johnson; Ann Hallman; BJ Thomas; William Brightharp; Cpl. Mr. Syphars, Bus Driver at Perry Corr. Inst.; Larry Cartledge, Warden at Perry Corr. Inst., each in his or her individual-personal capacity, ("Defendants") pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to Magistrate Paige J. Gossett for pre-trial handling and a Report and Recommendation.

On May 20, 2014 the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's complaint be summarily dismissed without service of process as to Defendants Ms. Johnson, Ann Hallman, and BJ Thomas. (ECF No. 25.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 25 at 6.) On June 4, 2014, Defendant filed a Motion to Strike pursuant to Federal Rules of Civil Procedure 12(f).

(ECF No. 29.) It appears that this motion is more appropriately characterized as a notice of no objections as Plaintiff moves to strike the Defendants that the Magistrate Judge recommends for dismissal.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

In light of the standard set forth above, the Court has carefully reviewed the record for clear error. Finding none, the Court adopts and incorporates the Report and Recommendation by reference into this order. (ECF No. 17.) It is therefore ORDERED that Plaintiff's complaint is dismissed, as to Defendants Ms. Johnson, Ann Hillman, and BJ Thomas. The Clerk is directed to moot Plaintiff's Motion to Strike. (ECF No. 29.)

IT IS SO ORDERED.

/s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
June 9, 2014